RECEIVED
IN ALEXANDRIA, LA.
AUG 18 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS DEON WILLIAMS<br>　　FED. REG. NO. 07503-003<br>VS.<br><br>JOE KEFFER, WARDEN | CIVIL ACTION NO. 08-1734<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Carlos Deon Williams filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 17, 2008 seeking credit against his federal sentence for time served in the custody of the State of Alabama. On April 3, 2009 the undersigned completed the first stage of an initial review and directed petitioner to amend his complaint within 30 days to demonstrate that he exhausted available administrative remedies prior to filing suit. More than 30 days have elapsed and petitioner has not complied with the amend order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner has not complied with the order of April 3, 2009, nor has he requested additional time within which to comply.

Therefore,

**IT IS RECOMMENDED** that the petition for *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

2

In Chambers, Alexandria, Louisiana, *August 20*, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3